UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOHN THOMAS WILLBANKS,                                                                  Plaintiff,

v.                                                                 Civil Action No. 3:18-cv-527-DJH

UNITED STATES OF AMERICA,                                                 Defendant.

\* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff John Thomas Willbanks filed the instant *pro se* action. He also filed an application to proceed without prepayment of fees (DN 6), which is **GRANTED**. Because the complaint fails to meet the pleading standards of Fed. R. Civ. P. 8(a), the action will be dismissed.

Plaintiff filed his complaint on the Court-approved complaint form for filing a civil case. In the caption, he names the United States of America as the only Defendant. Where the complaint form asks the filer to state the basis for this Court's jurisdiction, Plaintiff checked the box for federal question jurisdiction. In the portion of the form where the filer is to list the specific federal statutes or constitutional provisions at issue, Plaintiff writes "Invasion of Privacy" and "Denial of Due Proces." Plaintiff left blank the "Statement of Claim" and "Relief" sections of the complaint form. There are no other allegations in the complaint.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

In the instant case, Plaintiff's complaint fails to meet this standard. He fails to provide any statement of his claim or demand for relief sought. Plaintiff's allegations of invasion of privacy and denial of due process, without any further factual basis, fail to give Defendant "fair notice" of his claim(s) against it. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (citation omitted).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Because Plaintiff fails to allege any factual grounds to support his complaint or demand for relief, this action will be dismissed by separate Order for failure to meet the pleading standard in Fed. R. Civ. P. 8(a).

Date: September 21, 2018

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4415.010

2